1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RICHARD ROJAS,                           No.  2:25-cv-1050 CKD P

12                  Plaintiff,

13        v.                                  ORDER

14   J. HERNANDEZ, et al.,

15                  Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

18   1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

19   636(b)(1).

20        Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a

21   declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

22   Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23   1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

24   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

25   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

27   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

28   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

                                        1

1    The court is required to screen complaints brought by prisoners seeking relief against a

2    governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

3    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

4    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

5    monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

6    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v.

7    Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.

8    1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably

9    meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at

10    327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an

11    arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989);

12    Franklin, 745 F.2d at 1227.

13    To avoid dismissal for failure to state a claim a complaint must contain more than "naked

14    assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

15    action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,

16    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

17    statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the

18    court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial

19    plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

20    inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When

21    considering whether a complaint states a claim upon which relief can be granted, the court must

22    accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the

23    complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236

24    (1974).

25    The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon

26    which relief can be granted under federal law. Plaintiff's complaint must be dismissed. The

27    court will, however, grant leave to file an amended complaint.

28    /////

2

1    One of the primary problems with plaintiff's complaint is that he has violated court rules

2    regarding joinder of claims.  Plaintiff identifies at least 40 different defendants.  Under Rule 20 of

3    the Federal Rules of Civil Procedure, plaintiff cannot bring unrelated claims against different

4    defendants.  Simply put, plaintiff cannot join claims against defendant B that have nothing to do

5    with those brought against defendant A.

6    Also, many of plaintiff's allegations are vague, conclusory, or not facially plausible.  If

7    plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

8    complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

9    Cassidy, 625 F.2d 227 (9th Cir. 1980).  Plaintiff must allege in specific terms how each named

10   defendant is involved.  Vague and implausible allegations of conspiracy do not suffice.  There can

11   be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection

12   between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362

13   (1976).  In short, each claim must be supported by facts demonstrating the "who, what, where,

14   why, and when" of the events.

15   Plaintiff brings claims under California law such as defamation.  But plaintiff fails to

16   plead compliance with the California Tort Claims Act.  Plaintiff is informed that before he may

17   proceed on a claim arising under California law in this court he must comply with the terms of the

18   California Tort Claims Act and then plead compliance.  See Cal. Gov't Code § 910 et seq.;

19   Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  Complaints must

20   present facts demonstrating compliance, rather than simply conclusions suggesting as much.

21   Shirk v. Vista Unified School Dist., 42 Cal.4th 201, 209 (2007).

22   Plaintiff complains about conditions of confinement.  Under the Eighth Amendment,

23   prison officials have a duty to protect prisoners from harmful conditions of confinement.  Farmer

24   v. Brennan, 511 U.S. 825, 833 (1994).  A prison official may be held liable for subjecting an

25   inmate to harmful conditions of confinement if an injury is sufficiently serious, and that the

26   prison official was deliberately indifferent to the risk of harm.  Id. at 834, 837.  Thus, the relevant

27   inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a

28   sufficiently substantial risk of serious damage to his future health."  Id. at 834 (internal quotation

1    omitted).  To be deliberately indifferent, the "official must both be aware of facts from which the

2    inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

3    inference." Id.

4      Plaintiff asserts he has been subjected to sexual assault by prison staff while he was

5    sleeping.  Sexual assault, harassment or abuse of an inmate by a corrections officer violates the

6    Eighth Amendment.  Wood v. Beauclair, 692 F.3d 1041, 1046 (9th Cir. 2012).  Malicious and

7    sadistic intent, normally required for a finding of use of excessive force, is presumed if an inmate

8    can demonstrate that a sexual assault occurred.  See id. at 1050–51

9      Plaintiff also asserts he has been retaliated against by prison officials.  Prison officials

10    generally cannot retaliate against inmates for exercising First Amendment rights.  Rizzo v.

11    Dawson, 778 F.2d 527, 531 (9th Cir. 1985).  In order to state a claim for retaliation, plaintiff must

12    point to facts indicating a causal connection between the adverse action and the protected

13    conduct.  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012).

14      Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

15    make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

16    complaint be complete in itself without reference to any prior pleading.

17      In accordance with the above, IT IS HEREBY ORDERED that:

18      1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

19      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

20    shall be collected and paid in accordance with this court's order to the Director of the California

21    Department of Corrections and Rehabilitation filed concurrently herewith.

22      3.  Plaintiff's complaint is dismissed.

23      4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

24    complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

25    Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

26    number assigned this case and must be labeled "Amended Complaint."  Failure to file an

27    /////

28    /////

4

1   amended complaint in accordance with this order will result in a recommendation that this action

2   be dismissed.

3   Dated:  September 2, 2025

4                                                    _____
                                                     CAROLYN K. DELANEY
5                                                    UNITED STATES MAGISTRATE JUDGE

6

7

8   1
    roja1050.14
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                     5