1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RICHARD ROJAS,                              No.  2:25-cv-1050 CKD P

12                   Plaintiff,

13           v.                                   ORDER and FINDINGS &
                                                  RECOMMENDATIONS
14    J. HERNANDEZ, et al.,

15                   Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

18    1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

19    636(b)(1).  Plaintiff's amended complaint is before the court for screening.

20          The court is required to screen complaints brought by prisoners seeking relief against a

21    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

25    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v.

26    Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.

27    1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably

28    meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at

                                                1

1    327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an

2    arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989);

3    Franklin, 745 F.2d at 1227.

4        To avoid dismissal for failure to state a claim a complaint must contain more than "naked

5    assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

6    action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

7    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

8    statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the

9    court can grant relief has facial plausibility. Twombly, 550 U.S. at 570.  "A claim has facial

10   plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

11   inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  When

12   considering whether a complaint states a claim upon which relief can be granted, the court must

13   accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the

14   complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236

15   (1974).

16       Plaintiff asserts that someone sexually assaulted him as he slept by putting fingers in his

17   anus.  Plaintiff does not actually recall being assaulted; his belief is based upon an alleged

18   conversation occurring amongst some defendants before plaintiff went to sleep and because

19   plaintiff allegedly observed semen on the floor of his cell when he awoke.  All things considered,

20   plaintiff's claim of sexual assault is not plausible.  Plaintiff cannot proceed on this claim.

21       Plaintiff also asserts a claim for libel and / or defamation under California law.  As

22   plaintiff does not state a claim upon which he can proceed under federal law, the court does not

23   have supplemental jurisdiction over this state law claim.  See 28 U.S.C. § 1330 et seq.

24       For all of the foregoing reasons, plaintiff's amended complaint must be dismissed.

25   Because it does not appear plaintiff can state a claim upon which he can proceed in this court,

26   leave to amend a second time should not be granted.

27       In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court

28   assign a district court judge to this case.

2

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's amended complaint be dismissed; and

2.  This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 3, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
roja1050.14(2)